## GEORGE SNYDER and another *v.* BENJAMIN H. WRIGHT.

Where labor is performed under an agreement to pay therefor at a fixed price per day, for the time requisite to perform the work; it is not competent for the employer, when sued for the work, to call witnesses to prove the value thereof, or what it would cost, in their opinion, to procure it done.

The only question is, how much time was necessarily expended in the performance of the work?

And although the number of days may be controverted, and even be doubtful upon the evidence, still, general estimates of its cost or value are not admissible.

ACTION upon a bill for engraving and printing, prosecuted to this court by appeal from a judgment of the Marine Court, recovered by the plaintiffs.

*W. Howard Wait*, for the defendant.

*Robert A. Adams* and *F. G. Luckey*, for the plaintiffs.

By the Court. Woodruff, J.—Only two questions arise upon the return of the justice: first, whether the justice erred in excluding evidence offered by the defendant; and, second, whether in allowing to the plaintiffs, for 60 days' work in engraving the map of Cuba, his finding was so plainly against the evidence that we should reverse it.

The other questions stated in the notice of appeal do not arise on the return, and so it is conceded by counsel. The case may then be stated thus: The plaintiffs were entitled to recover for the other items of claim, as allowed by the justice, except the engraving of the map of Cuba. For that it was conceded by the defendant he was entitled to recover at the rate of four dollars per day for the time required to engrave it as the price agreed upon. The only question then was, how much time was necessarily spent in the work? And after the plaintiffs proved, *prima facie*, at least, that the work required 60 days, the defendant conceded that if the judge should decide that the plaintiffs were entitled to charge for 60 days, the plaintiffs were entitled to recover the sum for which the judgment was in fact rendered, and thereupon the plaintiff rested.

The defendant then offered to prove what it was worth, and what it would cost to engrave such a map, and the justice very properly, I think, excluded the evidence. The work was done under a special agreement to pay four dollars per day, and the only question was, how many days were necessary? If he had asked these witnesses how long it would take a workman of ordinary skill to perform the work, the evidence might have been proper; but showing the value or cost would only have shown that the defendant made an indiscreet bargain, i. e., that others would have done it cheaper, and it might as well be, that the lesser price was because they were willing to work at a less sum per day, as that it would take them a less time. The evidence did not tend to the real question; and a man cannot avoid paying a price agreed on, by proving that the work is worth less or would be done by others for a less sum.

Upon the second question we can at most only say, that the finding of the justice was upon conflicting evidence, and with such a finding we cannot interfere. But even this is hardly true; the plaintiffs' witness is quite positive that the work occupied at least 60 days. The defendant's witnesses, who estimate the time which such a work would require at six weeks and two months, (or probably 36 days and 56 days,) not only do not make a strong preponderance of evidence, regarding them as making a mere estimate opposed to the witness who did the work himself, but, besides, they appear only to estimate the work of engraving, while the plaintiffs' witness testifies that some 12 days were spent in reducing extracts from a map on a larger scale, to adapt them to the work in question. Be this last suggestion as it may, the finding is not so plainly against the evidence as to warrant any interference therewith. I think the judgment should be affirmed.

Judgment affirmed.